# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ALLEN SPRAGGINS,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>SHERINA MICHELLE COX,<br><br>　　　　　　　Defendant. | CASE NO. 11cv850-LAB (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

On April 21, 2011, Plaintiff Don Spraggins filed his complaint, along with a motion to proceed *in forma pauperis* (IFP). All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed the IFP application, finds Spraggins lacks the means to pay the $350 filing fee for this action, and **GRANTS** his application to proceed IFP.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is obligated to dismiss this case at any time if it determines that

　　(A) the allegation of poverty is untrue; or
　　(B) the action or appeal--
　　　　(i) is frivolous or malicious;
　　　　(ii) fails to state a claim on which relief may be granted; or
　　　　(iii) seeks monetary relief against a defendant who is immune from such relief.

1  In furtherance of its responsibilities under § 1915(e)(2)(B), the Court has reviewed the complaint in order to determine whether dismissal is required. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (requiring, pursuant to 28 U.S.C. § 1915(e), preliminary screening of complaints brought IFP).

The complaint was filed on a form for complaints under 42 U.S.C. § 1983, but it is evident Spraggins is not bringing a § 1983 action. He has not alleged the Defendant, Sherina Cox, was acting under color of state law. Rather, he alleges Cox made false statements under oath in some kind of court proceeding in Alaska. He does not say what her role in the litigation was, but it appears she is his ex-wife. Even assuming this was defamatory, it appears to be subject to the litigation privilege; if it is unprivileged, Spraggins has not provided adequate information to explain why not. Furthermore, it is unclear how the testimony was defamatory.

The complaint also cites 18 U.S.C. § 1621 and Georgia and Alaska state statutes making perjury a crime. Several pages of the complaint are headed "Criminal Complaint." None of these statutes support a claim. *See Poe v. Huckabay*, 2010 WL 1663141 at *9 (E.D.Cal., April 22, 2010) ("Criminal statutes generally do not provide a private cause of action or a basis for civil liability.") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp 1082, 1083 (N.D.Ill, 1983)). It therefore appears the complaint does not state a claim.

The complaint concerns events in Georgia (where Cox apparently resides) and Alaska. Spraggins resides in Santa Barbara, California, which is in the Central District of California. It is unclear which of those might be the proper venue for Spraggins' claims, *see also* 28 U.S.C. § 1391 (venue provisions), but it is clear nothing in the complaint connects any claims to this District. Ordinarily, the Court would permit Spraggins to amend the complaint to state a claim. But because it is clear venue is not proper in this District, dismissal is proper for this basis alone. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that a district court may dismiss a complaint sua sponte for improper venue).

1 |      This action is therefore **DISMISSED WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**, both for failure to state a claim and for improper venue.

     **IT IS SO ORDERED**.

DATED: April 26, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge